CLERK'S OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED

MAR 3 1 2006

JOHN F. CORCORAN, CLERK
BY: /s/
      DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

| | |
|---|---|
| EDITH H. ENGLAND,<br><br>         *Plaintiff,*<br><br>v.<br><br>FOOD LION, L.L.C.,<br><br>         *Defendant.* | CIVIL ACTION No. 6:05-CV-00028<br><br><br>MEMORANDUM OPINION<br><br><br>JUDGE NORMAN K. MOON |

This matter is before the Court on the motion of Defendant Food Lion, L.L.C. ("Food Lion") for summary judgment, argued before the Court on March 29, 2006. For the following reasons, this motion is hereby GRANTED.

**Facts**

The facts in this case are essentially undisputed. On April 14, 2004, Plaintiff tripped over a three-tier basket while shopping at a Food Lion grocery store in Campbell County, Virginia. Plaintiff had been to this particular Food Lion before and was familiar with this type of three-tier basket. The basket itself is made of black metal, is approximately shoulder height, and contains three circular shelves used to display merchandise. The basket rests on four legs, which protrude beyond the display shelves, giving the basket a roughly cone-shaped or pyramidal outline. These legs are on rollers, and the baskets are moved about the store and do not remain in a fixed

1

location.

While Plaintiff and her husband were shopping for salad dressing, she approached the basket, which was positioned against the display rather than in the center of the aisle. She examined the display while standing with the basket to her left. While she was facing the salad dressing display, she was perpendicular to the basket rather than facing it directly. After examining the display, Plaintiff turned to her left, toward the basket, and caught her right foot in the legs of the basket. The basket rolled to approximately mid-aisle, and Plaintiff fell, breaking her left hip.

Plaintiff filed suit in the Circuit Court of Campbell County, seeking $350,000 in damages. Defendant removed to this Court pursuant to 28 U.S.C. § 1332(a). Defendant now moves for summary judgment, arguing that Plaintiff was guilty of contributory negligence as a matter of law and that there is no evidence of a dangerous condition on Defendant's premises.

## Standard of Review

Summary judgment under Federal Rule of Civil Procedure 56 is appropriate only when the Court, viewing the record as a whole and in the light most favorable to the nonmoving party, determines that there exists no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. *See, e.g., Celotex Corp. v. Catrett*, 477 U.S. 317, 322–24 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248–50 (1986); *Terry's Floor Fashions, Inc. v. Burlington Indus., Inc*, 763 F.2d 604, 610 (4th Cir.1985). In considering a motion for summary judgment, "the court is required to view the facts and draw reasonable inferences in a light most favorable to the non-moving party." *Shaw v. Stroud*, 13 F.3d 791, 798 (4th Cir. 1994) (citations omitted).

## Discussion

Defendant argues that summary judgment is appropriate because (1) Plaintiff was contributorily negligent as a matter of law, and (2) there is no evidence that a defective or unsafe condition caused Plaintiff's injury. Under Virginia law, a person who trips and falls over an open or obvious condition or defect is guilty of contributory negligence as a matter of law. *Scott v. City of Lynchburg*, 241 Va. 64, 66 (1991). In that case, the plaintiff stepped off of a curb at the Lynchburg City Market and broke her hip. She was familiar with the market and had negotiated the curb in the past, but on that occasion the area was poorly lit and she "forgot the curb was there." *Id.* at 65-66. The court held that whether a condition is open or obvious may in some circumstances be a jury issue, but in that case the court determined it was not, because the plaintiff was aware of the existence of the curb. *Id.* at 66-67. Similarly, in *Tazewell Supply Co. v. Turner*, the court held that the plaintiff was guilty of contributory negligence when she tripped over a cardboard box which she did not actually see but which she would have seen had she been looking down. 213 Va. 93, 96 (1972). The court held that the danger posed by the box was open and obvious, given its size, the fact that others had looked casually and seen it, and the fact that the plaintiff could have seen it had she been looking. *Id.*

In this case, Plaintiff has testified that she had seen baskets of this sort before, knew that this basket was there and that it did not hang from the ceiling but rested on legs, and knew from previous trips that the basket was on wheels. Indeed, she stated in her deposition, "If I had looked at [the legs], I would have known that they were sticking out there and I wouldn't have fallen on it." (England Deposition, at 62). The fact that she was familiar with this sort of basket, knew of its existence as she stood beside it, and could have seen the legs if she had looked down places

3

her case squarely within the territory covered by *Scott* and *Tazewell Supply Co.*

Plaintiff argues that contributory negligence should be a jury question in this case. She cites *Shiflett v. M. Timberlake*, Inc., 205 Va. 406 (1964), in which the court ruled that the plaintiff's contributory negligence was an issue for the jury when she slipped and fell on wet snow and water in a drug store. The facts of that case are distinguishable, however, because the plaintiff testified that she could see nothing on the floor, *Id.* at 411. Further, water on a floor is far less likely to be open and obvious than a three-tier basket's black metal legs, which Plaintiff had earlier seen. Nor does *O'Brien v. Everhart, Inc.*, 254 Va. 326 (1997) salvage Plaintiff's case. There, a negligently placed bolt of fabric fell and struck the plaintiff, and the court ruled that the risk posed by the bolts was not so open and obvious that an invitee unfamiliar with the danger would seek to avoid it. *Id.* at 331. Here, in contrast, the basket did not roll into Plaintiff's way or move in an unexpected manner; rather, it was stationary and she tripped over it. Finally, *Southern Floors and Acoustics, Inc. v. Max-Yeboah*, 267 Va. 682 (2004), is distinguishable because there one of the defendant's employees yelled at the plaintiff and alarmed him, leading him to believe that something was about to fall on him and causing him to turn suddenly and trip on a pile of floor tiles. *Id.* at 685. Here, however, there is no evidence that Food Lion did anything to startle or alarm Plaintiff. Rather, she was apparently moving normally and of her own volition when she tripped. Hence, neither these nor other cases cited by Plaintiff are applicable to the facts at issue.

## Conclusion

Given the undisputed facts of the case and Plaintiff's own testimony, and viewing the facts and drawing reasonable inferences in the light most favorable to Plaintiff, it is clear that she is guilty of contributory negligence and thus that Defendant is entitled to a judgment as a matter

of law. The Court thus need not consider Defendant's second argument, regarding the absence of a defective or unsafe condition. The Defendant's motion for summary judgment shall therefore be granted.

An appropriate order shall issue this day.

ENTERED: /s/ Norman K. Moon
U.S. District Judge

March 31, 2006
Date

5